UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NATIONSTAR MORTGAGE LLC

    Plaintiff,

                                          Case No. 23-60486-CIV-DIMITROULEAS

v.

GLORIA M. GAVIRIA, ET AL.

    Defendants.

_____/

**FEDERAL HOME LOAN MORTGAGE CORPORATION'S**
**MOTION FOR REMAND WITH EMBEDDED MEMORANDUM OF LAW**

Federal Home Loan Mortgage Corporation ("FHLMC"), moves, pursuant to 28 U.S.C. §1447(c) for remand of this matter to the appropriate state court and alleges as follows:

**Factual Background**

1. This action is a residential mortgage foreclosure filed in the Circuit Court in the Seventeenth Judicial Circuit in and for Broward County, Florida ("Circuit Court") by Nationstar Mortgage, LLC. ("Nationstar") on February 24, 2015. The subject property is a residence formerly owned by the Defendant, Gloria M. Gaviria ("Defendant") and Oscar Santos ("Co-owner") with the address of 2406 Flamingo Ln. Ft. Lauderdale, FL 33312 ("Property").

2. On May 26, 2015, the Circuit Court entered a judgment of foreclosure in favor of Nationstar (the "Judgment"). A true and correct copy of the Judgment is attached hereto as **Exhibit A.**

3. After entry of the Judgment, Defendant and Co-Owner filed a multitude of legal proceedings which delayed the foreclosure sale of the Property including appellate matters (Case

1000003052

Nos. 4D 16-3112 and 4D 22-3009 in the Florida Fourth District Court of Appeals) and cases filed under Chapter 13 of the United States Bankruptcy Code (Case Nos. 16-20267-RBR; 17-18937-RBR; 18-13477-RBR; 18-23829-JKO; 19-16888-JKO in the United States Bankruptcy Court for the Southern District of Florida).

4. On December 1, 2021, a foreclosure sale was held for the Property.

5. FHLMC was the successful purchaser of the Property based on an assignment of the bid from Nationstar to FHLMC. On October 19, 2022, the Clerk of the Circuit Court entered a Certificate of Title of the subject property in favor of FHLMC. FHLMC is the current title owner of the Property. A true and accurate copy of the Certificate of Title is attached hereto as **Exhibit B.**

6. Despite FHLMC's ownership of the Property, Defendant has retained wrongful possession of the Property. Due to Defendant's continuing retention of possession, on February 13, 2023, FHLMC filed a Motion for Writ of Possession in the Circuit Court which sought a writ to allow FHLMC to take possession of the Property. A true and accurate copy of the Motion for Writ of Possession is attached hereto as **Exhibit C.**

7. On March 15, 2023, Defendant filed her Notice of Removal to this Court which has resulted in halting of further action by the Circuit Court.

8. The Notice of Removal states that it seeks removal of the "matter" of FHLMC's Motion for Writ of Possession. As a basis for the removal, the Notice of Removal claims this Court has original jurisdiction over this "civil matter" pursuant to 28 U.S.C. §1332 and §1441(b).

1000003052

9.      On March 16, 2023, the Court entered an Order Regarding Removal (Doc. No. 5) ("Order") which notes "procedural defects in the removal" and further requires Defendant to respond to the Order and show clear legal authority that a federal district court has subject matter jurisdiction over the removal of a Motion for Writ of Possession[1]. The Order further states that FHLMC may seek remand of this matter on or before April 14, 2023.

10.     For the reasons further stated herein, FHLMC, through this motion, seeks remand of this matter as articulated in the Order.

11.     This motion is timely pursuant to 28 U.S.C. §1447(c).

### Legal Argument

The Order notes multiple deficiencies with the Defendant's Notice of Removal. First, the Order questions the Court's jurisdiction over removal of only a motion rather than removal of the entirety of the underlying suit. The Order also notes that the Defendant cites to no authority supporting that proposition. Second, the Order references the "forum-defendant rule" which prevents removal of this action due to the residency of the Defendant in the forum of the Circuit Court matter. Third, the Order suggests that the removal is untimely. FHLMC reasserts the Order's noted deficiencies as bases for remand of this action to the Circuit Court.

Authority to remove a civil action from state court to a federal district court is provided by 28 U.S.C. §1441. The procedure and time limit for removal of actions is further described by 28 U.S.C. §1446(b)(1) as follows:

> "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of

---

[1] The deadline for Defendant to file the required response is April 12, 2023.

1000003052

>     the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." (emphasis added).

It should be noted that removal statutes are to be strictly construed against removal. *Shamrock Oil and Gas Corp. v. Sheets,* 313 U.S. 100, 108-109 (1941); ("Federal courts are of limited jurisdiction,….there is a presumption against the exercise of federal jurisdiction such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russel Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040 (11th Cir. 2001). The burden is on the removing party to present facts establishing its right to remove. When that party fails to do so, remand is favored. *Tran v. Waste Management, Inc.*, 290 F. Supp. 2d 1286 at 1292 (M.D. Fla 2001); *Diaz v. Shepard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

### *The Motion for Writ of Possession is Not an "Initial Pleading"*

As is stated by the Order, the Defendant's Notice of Removal references removal only of FHLMC's Motion for Writ of Possession but fails to incorporate the remainder of the foreclosure action. The Defendant provides no legal support for the proposition that a motion filed within a litigated matter is subject to removal to the exclusion of other issues within the litigated action. Though the applicable statutes do not specifically prohibit removal of a matter raised by a motion, FHLMC denies that the Federal Rules of Procedure allow for removal of the matters raised in its Motion for Writ of Possession.

28 U.S.C. §1446(b)(1) provides that a notice of removal is only proper if filed within 30 days of the service of the "initial pleading setting forth the claim." Generally, a motion is not

1000003052

considered a pleading under either the federal rules of procedure or the Florida Rules of Procedure.  See Fed R. Civ. P. 7; Fla R. Civ. P., 1.100; *Pro-Art Dental Lab, Inc. v. V-Strategic Group, LLC*, 986 So.2d 1244, 1256-1257 (Fla. 2008).  However, 28 U.S.C. §1446(b)(3) permits removal if the case stated by the initial pleading is not removable upon service of a motion or other paper "from which it may first be ascertained that the case is one which is or has become removable."

Here, the Motion for Writ of Possession cannot be considered the "initial pleading" as a motion is not considered a pleading under the applicable rules of procedure but also because the matters sought to be removed are part of the claims made in the complaint filed by Nationstar on February 24, 2015 which specifically requests that the Circuit Court retain jurisdiction to order the Clerk of the Circuit Court to issue a writ of possession.  Additionally, paragraph 8 of the Judgment specifically retains jurisdiction by the Circuit Court to enter an order directing the issuance of a writ of possession.  Accordingly, FHLMC's Motion for Writ of Possession sought relief which was part of FHLMC's claims made in its complaint and cannot be removed to the exclusion of the remainder of the legal action as alleged by the initial pleading.

### *Removal is Barred by the "Forum-Defendant Rule"*

Removal of this action is also improper as being contrary to the "forum-defendant rule" contained in 28 U.S.C. §1441(b)(2).  That provision provides that the removal of a state-court action that is "otherwise removable to federal court solely on the basis of diversity of citizenship may not be removed if any of the parties in interest properly joined and served as defendants is a

1000003052

citizen of the state in which the action is brought." *U.S. Bank N.A. v. Walker*, No. 19-14037-CIV, 2019 WL 3428574, at *2 (S.D. Fla May 6, 2019)("Thus, even though a federal court may have original jurisdiction over an action, the forum defendant rule forbids removal[.]" *Masterson v. Apotex Corp.,* 2008 WL 2047979, at *1 (S.D. Fla May 13, 2008)).  In this matter, Defendant is a resident of Florida and the Circuit Court has jurisdiction over this foreclosure action based on the location of the Property.  Therefore, the "forum-defendant rule" bars removal of this matter to this Court.

***Defendant's Notice of Removal is Untimely***

As noted above, the deadline to file a notice of removal in this action would have been thirty (30) days of the Defendant's receipt of the Complaint.  That time expired on March 26, 2015.  Therefore, the Notice of Removal in this matter is filed significantly after the statutory time to seek removal of this foreclosure action.  The 30-day deadline is mandatory and cannot be extended by the Court.  Though the statutory time period is not jurisdictional, the failure to give timely notice of removal is justification for remand.  *See Perez v. Scottsdale Ins. Co*., 2021 WL 1780006 *2 (S.D. Fla. May 5, 2021); *Liebig v. DeJoy*, 814 F. Supp. 1074 (MD Fla 1993.

The Defendant's Notice of Removal is procedurally deficient and, as such, the Notice of Removal fails to strictly conform with the requirements of the statutes.  Therefore, remand of the Motion for Writ of Possession and any related matters to the Circuit Court is proper.

1000003052

**WHEREFORE**, the FHLMC respectfully requests that this Court enter an order remanding this matter to the Circuit Court in the Seventeenth Judicial Circuit in and for Broward County, Florida and granting FHLMC any such other relief deemed proper.

/s/ *Peter E. Lanning*
Peter E. Lanning
FL Bar No.562221
John C. Brock, Jr.
FL Bar No. 0017516

eXL Legal, PLLC
Designated Email Address: efiling@exllegal.com
12425 28th Street North, Suite 200
St. Petersburg, FL 33716
Telephone No. (727) 536-4911
Attorneys for Federal Home
Loan Mortgage Corp.

1000003052

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY THAT a true and correct copy of the foregoing was furnished on 13th day of April, 2023, to the below parties via U.S. Mail and electronic transmission through CM/ECF:

GLORIA GAVIRIA
2406 FLAMINGO LANE
FORT LAUDERDALE, FL 33312

                                      /s/ *Peter E. Lanning*
                                      Peter E. Lanning
                                      FL Bar No.562221
                                      John C. Brock, Jr.
                                      FL Bar No. 0017516

                                      eXL Legal, PLLC
                                      Designated Email Address: efiling@exllegal.com
                                      12425 28th Street North, Suite 200
                                      St. Petersburg, FL 33716
                                      Telephone No. (727) 536-4911
                                      Attorneys for Federal Home
                                      Loan Mortgage Corp.

1000003052