UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-60486-CIV-DIMITROULEAS

NATIONSTAR MORTGAGE,

    Plaintiff,

v.

GLORIDA M. GAVIRIA, *et al.*,

    Defendant.

_____/

## ORDER OF REMAND

THIS CAUSE is before the Court on Defendant Glorida M. Gaviria's Notice of Removal and accompanying exhibits, filed on March 15, 2023. [DE 1]; the Court's Order of March 16, 2023 [DE 5]; and Plaintiff's Motion for Remand [DE 13], filed on April 13, 2023.  The Court is otherwise fully advised in the premises.

The right of removal is strictly construed, as it is considered a federal infringement on a state's power to adjudicate disputes in its own courts. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). The removing party has the burden of demonstrating the propriety of removal. *Diaz v. Shepard*, 85 F.3d 1502, 1505 (11th Cir. 1996).  Under 28 U.S.C. section 1447(c), a case removed from state court should be remanded if it appears that it was removed improvidently.

Defendant contends in the Notice of Removal that this Court has original jurisdiction over this action on the basis of 28 U.S.C. § 1332 and therefore it is removable pursuant to 28 U.S.C. § 1441(b).[1]  Under §1332(a), federal district courts have original jurisdiction over civil

---

[1] There is no basis for removal pursuant to federal question jurisdiction. The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint. *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908). "As a general rule, a case

actions between citizens of different states and where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. §1332(a). However, Defendant appears to be attempting to remove a recently filed *Motion for Writ of Possession* in an approximately eight-year-old mortgage foreclosure action (in which Final Judgment of Foreclosure was entered in 2016), as opposed to attempting to remove the entire case. *See* [DE 1]. Defendant cites no authority for a federal court having subject matter jurisdiction over the removal of a *motion* in a state court case to federal court.

The Court's Order of March 16, 2023 [DE 5] ruled that Defendant Glorida M. Gaviria had up to and including March 29, 2023 to respond to the Court's Order, establishing with clear legal authority that a federal district court has subject matter jurisdiction over the removal of a *Motion for Writ of Possession*. *See* [DE 5]. The Court warned Defendant that a failure to respond to the Order or a failure to convince the Court of the provident removal of the *Motion for Writ of Possession* may result in the Court entering an order of remand to state court. *See* [DE 5]. The Court granted Defendant's March 29, 2023 Motion for Extension of Time to Respond to the Court's March 16, 2023 Order, extending the deadline to April 14, 2023. *See* [DE 9]. That deadline has passed and Plaintiff failed to respond to the Order, and thus failed to convince the Court of the provident removal of the *Motion for Writ of Possession*.

Even if the Court has diversity jurisdiction over this removed action, procedural defects in the removal, specifically the forum defendant rule and untimely removal, constitute grounds to grant Plaintiff's timely-filed motion to remand this case to state court. *See* [DE 13]. *See also* 28

---

arises under federal law only if it is federal law that creates the cause of action." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8–10 (1983)). Put simply, federal question jurisdiction in the removal context may arise from the plaintiff's pleading of one or more causes of action arising under federal law; the federal question giving rise to removal must arise from the plaintiff's complaint. The defendant cannot create federal question jurisdiction through an affirmative defense, or through a counterclaim, arising out of federal law.

U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). First, the forum defendant rule, 28 U.S.C. § 1441(b)(2), prohibits removal of a case on diversity grounds if a defendant in the case is a citizen of the state in which the suit was filed and has been properly joined and served:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2).

> Because there is no federal question, Plaintiff's claim is barred by the forum defendant rule. Under the forum defendant rule, diversity jurisdiction will not support removal if any of the properly joined and served defendants are citizens of the state in which the suit was originally filed. 28 U.S.C. § 1441(b)(2); *Plombco Inc. v. TBC Retail Grp., Inc.*, 2013 WL 5863571, at *1 (S.D. Fla. Oct. 31, 2013). "Thus, even though a federal court may have original jurisdiction over an action, the forum defendant rule forbids removal[.]" *Masterson v. Apotex, Corp.*, 2008 WL 2047979, at *1 (S.D. Fla. May 13, 2008).

*U.S. Bank N.A. v. Walker*, No. 19-14037-CIV, 2019 WL 3428574, at *2 (S.D. Fla. May 6, 2019), *report and recommendation adopted,* No. 19-14037-CIV, 2019 WL 3426129 (S.D. Fla. May 22, 2019). Second, Defendant did not remove the case within the statutory time limit because she removed it approximately eight (8) years after it was filed. *See* 28 U.S.C. §§ 1446(b)(1) and (c)(1).

    Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Remand [DE 13] is **GRANTED**.
2. This action is hereby remanded to the Seventeenth Judicial Circuit, in and for Broward County, Florida;
3. The Clerk shall **CLOSE** this case and **DENY AS MOOT** any pending motions;

4. The Clerk shall **MAIL** copies of this Order to Defendant at the address below.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 28th day of April, 2023.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record

Gloria M. Gaviria
2406 Flamingo Lane
Fort Lauderdale, FL 33312